UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TROY LEVON FENTON,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )        No. 1:06-CV-10-HEA
                                      )
LARRY CRAWFORD, et al.,               )
                                      )
                Defendants.           )

<u>**ORDER AND MEMORANDUM**</u>

This matter is before the Court upon the application of
Troy Levon Fenton (registration no. 517163) for leave to commence
this action without payment of the required filing fee.  For the
reasons stated below, the Court finds that plaintiff does not have
sufficient funds to pay the entire filing fee and will assess an
initial partial filing fee of $13.82.  *See* 28 U.S.C. § 1915(b)(1).
Furthermore, having carefully reviewed the file, the Court will
order plaintiff to file a second amended complaint within thirty
(30) days from the date of this order, as more fully set forth
below.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing
a civil action in forma pauperis is required to pay the full amount
of the filing fee.  If the prisoner has insufficient funds in his
prison account to pay the entire fee, the Court must assess and,
when funds exist, collect an initial partial filing fee of 20

percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on January 19, 2006. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $69.08, and an average monthly account balance of $37.00. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.82 which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The complaint and amended complaint

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983 against approximately thirty-eight named defendants. On January 31 and February 2, 2006, plaintiff filed motions to amend his complaint [Doc. #7 and Doc. #10], as well as an amended complaint [Doc. #8] in which he seeks to "release/dismiss D. Horn" and to amend piecemeal numerous paragraphs of his original

3

complaint.  Neither the original nor the first amended complaint
was submitted on the court-provided form for filing a complaint
pursuant to 42 U.S.C. § 1983.

A review of the instant action indicates that although
plaintiff may be able to assert constitutional claims that survive
review under 28 U.S.C. § 1915(e)(2)(B), he has failed to set forth
as to each named defendant the specific factual allegations
supporting his claim against each particular defendant.  "Liability
under § 1983 requires a causal link to, and direct responsibility
for, the alleged deprivation of rights." *Madewell v. Roberts*, 909
F.2d 1203, 1208 (8th Cir. 1990); *see also, Martin v. Sargent*, 780
F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983
where plaintiff fails to allege defendant was personally involved
in or directly responsible for incidents that injured plaintiff);
*Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat
superior theory inapplicable in § 1983 suits).

Moreover, the Federal Rules of Civil Procedure require
litigants to formulate their pleadings in an organized and
comprehensible manner.  Even pro se litigants are obligated to
plead specific facts and proper jurisdiction and must abide by the
Federal Rules of Civil Procedure; however, plaintiff has failed to
do so in this case.  *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir.
1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782,
785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should

4

contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, the Court is unable to determine which claims, if any, are frivolous or fail to state a claim.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file a second amended complaint on the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983, in accordance with the instructions set forth below. Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is reminded that his second amended complaint will supersede his original complaint [Doc. #1] and first amended complaint [Doc. #8] and will be the only complaint this Court reviews. Thus, plaintiff must include in the "Caption" of the second amended complaint all the defendants he wishes to sue; and in the "Statement of Claim,"

he must set out specific facts against each named defendant in a simple, concise, and direct manner. Plaintiff risks dismissal of the instant action if he fails to comply with this Court's instructions.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $13.82 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend his complaint [Doc. #7 and Doc. #10] are **DENIED** as moot, given that this Court is granting plaintiff additional time in which to file a second amended complaint, and Rule 15(a) of the Rules of Federal Procedure states that a plaintiff may file an amended complaint once as a matter of course at any time before a responsive pleading is served.

6

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint within thirty (30) days from the date of this order.  In the second amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.[1]  Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," he shall set forth as to each named defendant the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims the defendant violated.  If plaintiff needs additional space to list all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the second amended complaint and clearly identify them as part of his Caption or Statement of Claim.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

---

[1]The Court will instruct the Clerk of Court to provide plaintiff with the proper form.

   **IT IS FURTHER ORDERED** that upon the filing of a second amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

   Dated this 3rd day of February, 2006.

_____
   **UNITED STATES DISTRICT JUDGE**