```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                       SOUTHEASTERN DIVISION
```

TROY LEVON FENTON,              )
                                )
            Plaintiff,           )
                                )
      v.                         )      No. 1:06-CV-10-HEA
                                )
LARRY CRAWFORD, et al.,          )
                                )
            Defendants.          )

**ORDER AND MEMORANDUM**

This matter is before the Court for review of plaintiff's second amended complaint [Doc. #15 and Doc. #19] under 28 U.S.C. § 1915(e)(2)(B).[1]

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond

---

[1] On February 3, 2006, this Court granted plaintiff thirty days to file a second amended complaint and to set forth as to each named defendant the specific factual allegations supporting his claim. Plaintiff timely filed an amended complaint on February 13, 2006 [Doc. #15] and another on February 16, 2006 [Doc. #19]. The Court will liberally construe these two amended complaints as plaintiff's second amended complaint.

reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The second amended complaint**

Plaintiff seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Missouri Department of Corrections employees Steve Long, Robert Norris, Clarence Goold, Thomas Johnson, Sergeant Miller, Sergeant Clinton, and Casey Gist-Adams.

At the outset, the Court notes that on February 23, 2006, while this action was under review pursuant to 28 U.S.C. § 1915, plaintiff filed a motion titled "Request for Permission to Amend Complaint" [Doc. #23], requesting that this action be voluntarily dismissed as to defendants Robert Norris and Clarence Goold. See Fed. R. Civ. P. 41(a). Because no defendant has served an answer or a motion for summary judgment, see Fed. R. Civ. P. 41(a)(1), the

Court will grant plaintiff's motion, and said defendants will be dismissed, without prejudice.

Having carefully reviewed the second amended complaint [Doc. #15 and Doc. #19], the Court concludes that plaintiff's claims against defendants Steve Long, Thomas Johnson, Sergeant Miller, Sergeant Clinton, and Casey Gist-Adams regarding the violation of his constitutional rights survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed as this time. Therefore, the Court will order that defendants Steve Long, Thomas Johnson, Sergeant Miller, Sergeant Clinton, and Casey Gist-Adams reply to the second amended complaint [Doc. #15 and Doc. #19].

Accordingly,

**IT IS HEREBY ORDERED** plaintiff's motion to dismiss [Doc. #23] defendants Robert Norris and Clarence Goold, without prejudice, is **GRANTED**, and the Clerk of Court shall not cause process to issue against them. See Fed. R. Civ. P. 41(a).

**IT IS FURTHER ORDERED** that, as to defendants Steve Long, Thomas Johnson, Sergeant Miller, Sergeant Clinton, and Casey Gist-Adams, the Clerk shall issue process or cause process to issue upon the second amended complaint [Doc. #15 and Doc. #19].

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Steve Long, Thomas Johnson, Sergeant Miller, Sergeant Clinton, and Casey Gist-Adams shall reply to the second amended complaint [Doc. #15 and Doc. #19] within the time

provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time in which to pay the initial partial filing fee [Doc. #21] is **GRANTED,** and he is hereby granted an additional thirty (30) days from the date of this Order to do so.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Troy Levon Fenton v. Steve Long, Robert Norris, Clarence Goold, Thomas Johnson, Sergeant Miller, Sergeant Clinton, and Casey Gist-Adams*.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 27th day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**