UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TROY LEVON FENTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Cause No. 1:06CV0010 HEA |
|  | ) |  |
| STEVE LONG, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, [#53]. Plaintiff was granted an extension of time within which to file a response, which was ordered due on June 26, 2006. Plaintiff did not file his response to the motion until June 29, 2006. Despite the fact that Plaintiff's response was not timely filed, the Court will address the motion on its merits. For the reasons set forth below, Defendants' motion will be granted.

## Facts and Background

Plaintiff, Troy Levon Fenton, is an inmate with the Missouri Department of Corrections, and is currently incarcerated at the Southeast Correctional Center (SECC), in Charleston, Missouri. Plaintiff's Amended Complaint, which was filed on March 7, 2006, is brought under the provisions of 42 U.S.C. § 1983 and alleges the SECC's Informal Resolution Request/Grievance Policy needs to be changed and that

Defendants Casey Gist-Adams and Susan Wickliffe violated Plaintiff's Fourteenth Amendment rights by failing to give Plaintiff "due process in the IRR/Grievance process/system." Defendants argue Plaintiff's Amended Complaint should be dismissed, because Plaintiff failed to exhaust his administrative remedies and because Plaintiff failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Because plaintiff has failed to demonstrate that all of his claims have been exhausted as to all defendants in accordance with 42 U.S.C. § 1997e(a), Defendants' motion will be granted.

## Discussion

Section 1997e(a) of Title 42, U.S.C., requires prisoners to fully exhaust all available administrative remedies before filing a lawsuit. This Section provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is mandatory, even where the administrative process cannot provide the relief sought by the plaintiff. *See Booth v. Churner,* 532 U.S. 731, 741 n. 2 (2001); *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003).

---

[1] Defendants make the same arguments in their motion to dismiss Plaintiff's original Complaint [Document # 42]. Plaintiff, however, has amended his complaint. Thus, Defendants' previous motion need not be entertained, since by virtue of filing the Amended Complaint, Plaintiff is deemed to have abandoned his original Complaint.

In *Johnson*, the Eighth Circuit Court of Appeals held:

> The Supreme Court [ ] addressed the issue of exhaustion under section 1997e(a) in *Porter,* holding that exhaustion is now mandatory. 534 U.S. at 524, 122 S.Ct. 983. The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action[s] ... brought with respect to prison conditions," whether under § 1983 or "any other Federal law."
> *Id.* (internal quotations and citations omitted).
>
> In light of the Supreme Court holdings in *Booth* and *Porter,* our holding in *Williams* is no longer tenable. Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

Defendants have submitted affidavits which establish that from January, 2005 to the present, Plaintiff filed 26 Informal Resolution Requests and/or Grievances at SECC, and in each case, Plaintiff failed to exhaust his administrative remedies as to his allegations that Defendants failed to provide him with an IRR or grievance form.

The Eighth Circuit Court of Appeals has very recently articulated that dismissal

is mandatory if a prisoner plaintiff fails to exhaust administrative remedies as to *all* of a multitude of claims:

> [W]hen an inmate joins multiple prison-condition claims in a single complaint, as in this case, § 1997e(a) requires that the inmate exhaust all available prison grievance remedies as to all of his claims prior to filing suit in federal court. *Graves v. Norris,* 218 F.3d 884, 885 (8th Cir. 2000)(per curiam). If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory. *Johnson v. Jones*, 340 G.3d 624, 627 (8th Cir. 2003).

*Abdul-Muhammad v. Kemper*, 2006 WL 1596717, *2 (8th Cir. June 13, 2006).

Because the record demonstrates that plaintiff failed to exhaust certain claims contained in his Complaint, the Complaint must be dismissed in its entirety in accordance with 42 U.S.C. § 1997e(a). Therefore, the Court need not address Defendant's arguments with respect to Plaintiff's failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [#53] is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice.

Dated this 10th day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE